IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

TRICIA FREEZE-ALTON,                    )
                                        )
                    Plaintiff,          )    **CIVIL ACTION**
                                        )
v.                                      )    No.  13-1082-MLB
                                        )
STATE FARM INSURANCE CO.,               )
                                        )
                    Defendant.          )
_____ )

## MEMORANDUM AND ORDER

This case comes before the court on defendant's motion to dismiss for lack of subject matter jurisdiction. (Doc. 14). The motion has been fully briefed and is ripe for decision.[1] (Docs. 15, 16). Defendant's motion is denied for the reasons herein.

**I.    Facts**

On September 29, 2010, plaintiff was involved in an automobile accident with Reynolds, an underinsured motorist. Plaintiff suffered injuries in the accident and received medical treatment. Plaintiff has incurred $24,223.86 in medical expenses to date. At the time of the accident, Reynolds had an insurance policy with Progressive which limited its liability to $25,000. Defendant State Farm is plaintiff's insurance provider and plaintiff's policy provides $100,000 in coverage for underinsured motorists.

On September 12, 2012, plaintiff sent a settlement offer to defendant in which she requested that defendant approve a settlement with Progressive in the amount of $25,000. In addition, plaintiff

_____

[1] Defendant failed to file a reply brief and the time for doing so has now passed.

sought payment on her own policy. Defendant authorized plaintiff to settle with Progressive for $25,000 but denied plaintiff's claim under her policy.

On February 20, 2013, plaintiff brought this action against defendant seeking damages pursuant to her insurance policy. Plaintiff's complaint seeks damages in excess of $75,000. (Doc. 1). In addition, plaintiff seeks attorney's fees pursuant to K.S.A. 40-256 and 40-908.

Defendant moves for dismissal of this action on the basis that plaintiff's claim fails to meet the amount in controversy.

## II.  Analysis

Federal courts are courts of limited jurisdiction, <u>United States ex rel. Grynberg v. Praxair, Inc.</u>, 389 F.3d 1038, 1048 (10th Cir. 2004), and the parties cannot confer jurisdiction where it is lacking. <u>Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee</u>, 456 U.S. 694, 702, 102 S. Ct. 2099, 2104, 72 L. Ed. 2d 492 (1982). If the court lacks subject matter jurisdiction, all rulings are a legal nullity, lacking any force or effect. <u>See</u> <u>Hart v. Terminex Int'l</u>, 336 F.3d 541, 542 (7th Cir. 2003).

Pursuant to 28 U.S.C. § 1332, diversity jurisdiction lies where complete diversity of citizenship exists between the parties and the matter in controversy exceeds $75,000. 28 U.S.C. § 1332. There is no dispute that complete diversity of citizenship is present here. "When federal subject matter jurisdiction is challenged based on the amount in controversy requirement, [plaintiff] must show that it does not appear to a legal certainty that [she] cannot recover the jurisdiction amount." <u>Woodmen of World Life Ins. Society v.</u>

_Manganaro_, 342 F.3d 1213, 1216 (10th Cir. 2003). Plaintiff can meet this burden "by demonstrating that it is not legally certain that the claim is less than the jurisdictional amount." _Id._ When a case is originally filed in federal court, the plaintiff enjoys a presumption that the amount claimed in the complaint is accurate for purposes of diversity jurisdiction. _Martin v. Franklin Capital Corp._, 251 F.3d 1284, 1289 (10th Cir. 2001).

Defendant asserts that the amount in controversy cannot be greater than $75,000 because the policy limits under the insurance contract are set at $100,000 and plaintiff has already recovered $25,000 from Progressive. Therefore, plaintiff can only recover $75,000 in damages. Plaintiff responds that, in addition to the insurance coverage, she is also seeking attorney's fees pursuant to K.S.A. 40-256 and 40-908. Plaintiff's counsel's affidavit states that the attorney's fees, coupled with the underinsured motorist coverage, exceed $75,000. (Doc. 16, exh. C).

Defendant cites _State Farm Mut. Auto. Ins. Co. v. Narvaez_, 149 F.3d 1269, 1271 (10th Cir. 1998), to support its position that in an action concerning denial of coverage the maximum amount in controversy is the maximum limit under the policy. _Narvaez_, however, did not discuss a statutory award of attorney's fees. The plaintiff in _Narvaez_ argued that an award of interest on damages should be included to meet the amount in controversy. The Tenth Circuit disagreed.

In _Woodmen_, however, the Tenth Circuit specifically addressed the issue of attorney's fees in determining the amount in controversy. _Woodmen_ held that the district court should consider the plaintiff's attorney's fees in determining whether the plaintiff satisfies the

jurisdictional amount when the statute at issue allows an award of attorney's fees. See 342 F.3d at 1218; see also Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1340 (10th Cir. 1998)("The Supreme Court has long held that when a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount. . . .")

In plaintiff's complaint, she seeks attorney's fees pursuant to two different Kansas statutes which award attorney's fees to a successful plaintiff in an insurance action. See K.S.A. 40-256 and 40-908. Defendant has not contended that these statutes are inapplicable in the present action.

Therefore, the court finds that plaintiff's attorney's fees may be included in the damage calculation for purposes of diversity jurisdiction because the right to such fees is provided by Kansas statute. Turning to the amount in controversy, defendant has stated that plaintiff's maximum recovery under the contract is limited to $75,000. Therefore, in order to meet the amount in controversy, plaintiff need only have $1 in attorney's fees. Considering the realities of modern law practice, the court finds that plaintiff's claim against defendant exceeds $75,000.

## III. Conclusion

Defendant's motion to dismiss is accordingly denied. (Doc. 14).

A motion for reconsideration of this order is not encouraged. Any such motion shall not exceed 3 double-spaced pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp, 810 F. Supp. 1172, 1174 (1992). The response to any motion for reconsideration shall not exceed 3 double-spaced pages. No reply

shall be filed.

IT IS SO ORDERED.

Dated this __19th__ day of August 2013, at Wichita, Kansas.

                              ____s/ Monti Belot_____
                              Monti L. Belot
                              UNITED STATES DISTRICT JUDGE